# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                                     : CHAPTER 13
                                                           :
PETER AND CECILIA QUALI                                    :
                                                           :
                              DEBTOR(S)      : BANKRUPTCY NO. 08-15853 SR

# OPINION

BY: STEPHEN RASLAVICH, CHIEF UNITED STATES BANKRUPTCY JUDGE.

*Introduction*

Before the Court is the Debtor's Objection to the Proof of Claim of CitiFinancial, Inc. (Citi)  Citi opposes the objection.  A hearing on the Objection was held on March 25, 2009, after which the parties submitted letter briefs.  The Court has taken the matter under advisement.

*Grounds for Objection*

Although the parties originally disagreed over the number of payments in arrears, the sole remaining issue is a line item for interest in the Proof of Claim.[1]  That charge is for $16,719 in interest due.  Debtors contend that the separate line item for interest constitutes an impermissible default rate of interest.  *See* generally Debtors' Brief, 3-4.

---

[1] The parties agree that Debtors are 19 payments in arrears at $1,115.76 per month. Transcript, 5.

*Citi's Response*

Citi disputes Debtors' contention that it is charging a default rate of interest. It explains that the interest provided for by the note is "daily simple interest." Such interest accrues on a daily basis. Where a payment is not made on time, interest accrues for each late day. As a result, it is a separate line item on the Proof of Claim. *See* Citi's Letter Brief, 3-5.

*Applicable Law*

As to what body of law applies, only Citi offers guidance. It maintains that this method of interest computation is provided for under the federal Truth in Lending Act (TILA).[2] For their part, Debtors rely on federal bankruptcy case law regarding "default rate" interest and Pennsylvania common law regarding contract interpretation.

The Court finds that Citi has identified the applicable law. As a general matter, TILA applies to "consumer credit." 15 U.S.C. § 1601, 1602. That term is defined as "credit offered or extended to a consumer primarily for personal, family, or household purposes." 12 C.F.R. § 226.2(12). There is no dispute that this obligation is a closed-end,[3] consumer loan or that it was extended on a secured basis: Citi took a mortgage in the Debtors' home as security. *See* 15 U.S.C. § 1638(b) (including "residential mortgage transaction" as subject to TILA disclosure requirements)

---

[2] 15 U.S.C. § 1601 et seq.

[3] The loan is for a fixed amount and for a definite term ($167,650.51 payable over 360 months). *See* Note attached to Proof of Claim.

The answer to *how* a lender may *compute interest* on such a loan is found indirectly in the statute, its interpretative regulation, various appendices, as well agency commentary. This begins with the term "finance charge" and how that term must be disclosed to a borrower. *See* 15 U.S.C. § 1638(a)(3) (requiring disclosure of the finance charge) Among the types of charges which make up the "finance charge" is, *inter alia*, interest. *See* 15 U.S.C. § 1605(a)(1). TILA requires that the "finance charge" be expressed as an "annual percentage rate," or APR. 15 U.S.C. § 1638(a)(4) The APR must be determined in either one of two ways: the "actuarial method" or a different method authorized by the Board "which materially simplifies the computation while retaining reasonable accuracy" as compared to the actuarial method. 15 U.S.C. § 1606(a). Likewise, Regulation Z provides that "[t]he annual percentage rate shall be determined in accordance with either the actuarial method or the United States Rule method." 12 C.F.R. § 226.22(a)(1) The regulation goes on to provide that "[e]xplanations, equations and instructions for determining the annual percentage rate in accordance with the actuarial method are set forth in Appendix J to this regulation." *Id.* Appendix J provides, in pertinent part:

> (1) Section 226.22(a) of Regulation Z provides that the annual percentage rate for other than open end credit transactions shall be determined in accordance with either the actuarial method or the United States Rule method. This appendix contains an explanation of the actuarial method as well as equations, instructions and examples of how this method applies to single advance and multiple advance transactions.
>
> (2) Under the **actuarial method**, *at the end of each unit-period* (or fractional unit-period) the unpaid balance of the amount financed is increased by the finance charge earned

3

during that period and is decreased by the total payment (if any) made at the end of that period. The determination of unit-periods and fractional unit-periods shall be consistent with the definitions and rules in paragraphs (b)(3), (4) and (5) of this section and the general equation in paragraph (b)(8) of this section.

(3) In contrast, under the **United States Rule method**, *at the end of each payment period*, the unpaid balance of the amount financed is increased by the finance charge earned during that payment period and is decreased by the payment made at the end of that payment period. If the payment is less than the finance charge earned, the adjustment of the unpaid balance of the amount financed is postponed until the end of the next payment period. If at that time the sum of the two payments is still less than the total earned finance charge for the two payment periods, the adjustment of the unpaid balance of the amount financed is postponed still another payment period, and so forth.

12 C.F.R. Pt. 226, App.J (emphasis added). One District Court has observed that "[t]he essential difference seems to be that the U.S. Rule does not add the interest to the principal amount if the payment is less than the interest. *Haynes v. Homeq Servicing Corp. (In re Haynes)*, 2006 WL 2167375 *8 n.9 (M.D.Tenn.)  The Official Staff Commentary concludes accordingly: "The U.S. Rule produces no compounding of interest in that any unpaid accrued interest is accumulated separately and is not added to principal." 12 C.F.R. § 226 (Supp.I, ¶ 22(a)(1)). By which method is Citi calculating interest under this note?

The note provides the following with regard to the payment of interest:

Payment Schedule:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|

| 360 | $1,230.25 | Monthly Beginning 9/1/2003 |

…

PROMISE TO PAY: In return for a loan that Borrower has received, *Borrower promises to pay* to the order of Lender the Principal amount shown above, *plus interest* on the unpaid Principal balance from the Date Charges Begin shown above until fully paid at the following Rate of Interest:

RATE OF INTEREST:
07.99% per annum on the entire unpaid Principal balance. Lender will compute interest on the unpaid Principal balance *on a daily basis* from the date charges begin until Borrower repays the loan.  If Borrower does not make sufficient or timely payments according to the payment schedule above Borrower will *incur greater interest* charges on the loan.
…
Each payment shall be applied as follows: (1) monthly loan payments due (first to interest, then principal), insurance premiums due, (3) unpaid interest to the date of payment, if any, then (4) principal.

*See* Proof of Claim, Disclosure Statement, Note and Security Agreement, Ex. A, attached to Debtors' Objection (emphasis added)

The emphasized terms illuminate how interest is to be calculated: first, the note plainly states that interest accrues daily; and second, the failure to "make sufficient and timely payments … will result in greater interest" due on the loan.  It does not provide for any compounding of unpaid interest into principal.  *Id.*  Neither does the note provide for any grace period.  Under the note, if the borrower is but one day late in making a payment, then one day's worth of interest accrues.  That daily accrual of interest will continue until a payment is made which is sufficient to pay any unpaid interest accrued to that date.  So long as there is unpaid, accrued interest on the loan,

no amortization of principal will occur. Under the U.S. Rule Method, adjustment of the principal (i.e., the "amount financed") occurs from payment to payment only when the payment amount is sufficient to satisfy any unpaid accrued interest first. *See Haynes, supra*, *8 n.9. (citing the Official Commentary to the effect that under the U.S. Rule, no calculation is made until a payment is received. 12 C.F.R. § 226 (Supp.I, ¶ 22(a)(1))

In sum, the Court finds that this note permissibly calls for the calculation of interest under the U.S. Rule Method.[4]

*The Line Item for Interest*

The foregoing speaks to the legal authority for the separate line item of $16,719.46 of past due interest. Citi's Letter Brief, 3-4. However, while Citi's explanation accurately states the law, the issue of exactly how much interest is due Citi is not yet proven. There is no supporting documentation attached to the Citi claim. Debtors' contention that some or all past due interest is already accounted for in the 19 missed payments is reasonable and has shifted to Citi the burden of proving its entitlement to the amount of interest claimed on the separate line item.[5] What is

---

[4] That is corroborated by the prepayment penalty in the Note. TILA requires disclosure of such a charge "if the obligation involves a *finance charge computed from time* to time by application of a rate to the unpaid principal balance." 15 U.S.C. § 1638(a)(11)(emphasis added) The note penalizes prepayment within the first three (3) years of the note's term.

[5] The filing of a proof of claim constitutes *prima facie* evidence of the validity of the claim. 11 U.S.C. § 502(a). However, once an objecting party submits sufficient evidence to place the claimants entitlement at issue, the burden of going forward with the evidence to sustain the claim shifts to the claimant or its assignee. The burden of persuasion is always on the claimant to establish its entitlement to its claim. *See In re Allegheny Intern., Inc.,* 954 F.2d 167, 173-74 (3d Cir.1992).

necessary for Citi to establish its right to this separate interest charge is the arithmetic calculations underlying the $16,719.46 figure.  In other words, before its claim will be allowed in the amount sought, Citi must demonstrate how it arrived at its numbers and that they are accurate.  Merely inserting a cumulative total is not sufficient, particularly where, as here, the method of interest calculation, while permitted, is, in the Court's experience, the method less typically employed by lenders, and where, as here, the additional interest sought is such a large sum.

     An evidentiary hearing will apparently be necessary to bring this matter to a resolution and the accompanying Order will therefore schedule one.

By the Court:

_____
Stephen Raslavich
Chief U.S. Bankruptcy Judge

Dated: <u>May 26, 2009</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER 13
:
PETER AND CECILIA QUALI :
:
DEBTOR(S) : BANKRUPTCY NO. 08-15853 SR

# ORDER

**AND NOW,** upon consideration of the Debtors' Objection to the Proof of Claim of Citifinancial, Inc., (Citi) the claimant's response thereto, the parties' briefs, and after a hearing held on March 25, 2009, it is hereby

**ORDERED** that a further hearing in this matter shall be held on <u>Wednesday, June 17, 2009, at 10:00 a.m.</u>, Courtroom 4, United States Bankruptcy Court, 900 Market Street, Philadelphia, PA 19107, at which time Citi, if it chooses to do so, may present evidence in support of the components of its Proof of Claim. The Debtors, likewise, should they choose, may present rebuttal evidence.

By the Court:

_Stephen Raslavich_
Stephen Raslavich
Chief U.S. Bankruptcy Judge

Dated: <u>May 26, 2009</u>

Counsel for Debtors

Jeffrey A. Fournier, Esquire
FOURNIER LAW OFFICES
2480-B Durham Road
Bristol, PA 19007

Counsel for Citifinancial, Inc.

Ann E. Schwartz, Esquire
GOLDBECK McCAFFERTY & McKEEVER
Mellon Independence Center
701 Market Street
Suite 5000
Philadelphia, PA 19106

George Conway, Esquire
Office of the United States Trustee
833 Chestnut Street
Suite 500
Philadelphia PA 19106

Nancy Mulvehill, Courtroom Deputy to Judge Raslavich